UNITED STATES DISTRICT COURT
                             DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David M. Chapman, #185661,<br>*a.k.a. David Michael Chapman*, | ) C/A No. 2:12-1034-DCN-BHH<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **REPORT AND RECOMMENDATION**<br>) |
| South Carolina Department of Corrections, | )<br>)<br>) |
| Defendant. | )<br>) |

  Plaintiff, David M. Chapman, ("Plaintiff"), a state prisoner in the custody of the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") in Columbia, South Carolina, files this action alleging that Defendant SCDC was grossly negligent in causing Plaintiff to slip and fall on a wet cafeteria floor at Lieber Correctional Institution, on November 14, 2008, while Plaintiff was working in the cafeteria. Plaintiff alleges that he sustained injuries to his head, neck, and lower back, and seeks damages of $150,000.00. *See* ¶¶ 1-5, ECF No. 1, p. 3.

  Plaintiff is proceeding *pro se* and *in forma pauperis*, pursuant to 28 U.S.C. §§ 1915 and 1915A. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed because the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact," *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449

U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is

3

required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16.  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because Plaintiff is a citizen of South Carolina and Defendant SCDC is a South Carolina state agency.

Second, it is clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That is, the Complaint does not state a claim cognizable under this Court's federal question jurisdiction.  Plaintiff asserts a claim of gross negligence, alleging that Defendant breached a duty to Plaintiff and is liable for the injuries Plaintiff sustained when he slipped and fell on a wet floor in the cafeteria of SCDC's Lieber Correctional Institution.  Plaintiff alleges that Defendant should have kept the floors in a safe condition, should have known of the obvious danger posed by the wet floor, and should have warned Plaintiff and others that the floor was wet and slippery.  This negligence claim is based in state tort law.  Plaintiff's allegations do not contain a reference to any alleged violation of a federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.

Even if Plaintiff's Complaint is liberally construed as an attempt to file a claim pursuant to 42 U.S.C. § 1983, the Complaint fails to state a cognizable claim.[1]  Federal

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law."  *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  The purpose of § 1983 is to deter

actions for damages against state actors pursuant to 42 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). *See also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

In addition, a § 1983 claim asserted by Plaintiff in this case would be untimely on its face. Based on *Owens v. Okure*, 488 U.S. 235 (1989) and *Wilson v. Garcia*, 471 U.S. 261 (1985), a state's general or residual statute of limitations governing personal injury actions is the applicable statute of limitations for § 1983 actions. In South Carolina, that has been held to be S.C. Code Ann. § 15-3-530(5). Thus, the applicable statute of limitations for a § 1983 claim filed in this court in the instant case is three years.[2] It plainly appears from

---

state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2] "Except as to actions initiated under Section 15-3-545 [medical malpractice actions], all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535. With respect to a state court claim brought pursuant to the S.C. Tort Claims Act, S.C. Code Ann. §

6

Plaintiff's Complaint and attachments that the actions upon which Plaintiff is basing his claim took place on November 14, 2008, nearly three and a half years ago. Plaintiff alleges no facts as to why a § 1983 claim, filed on April 17, 2012, should be considered timely. Because over three and a half years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit against Defendant, a § 1983 claim by Plaintiff is untimely.³

Moreover, Defendant SCDC is immune, under the Eleventh Amendment to the United States Constitution, from a suit for monetary damages brought in this federal court. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power

---

15-78-100 provides:

> (a) Except as provided for in Section 15-3-40, an action for damages under this chapter may be instituted at any time within two years after the loss was or should have been discovered. Provided, that if a claim for damages was filed and disallowed or rejected an action for damages filed under this chapter, based upon the same occurrence as the claim, may be instituted within three years after the loss was or should have been discovered.

³ Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g., United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing *Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.").

of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Lapides v. Board of Regents*, 535 U.S. 613 (2002); *Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). However, the State of South Carolina has not consented to such actions. Section 15-78-20(e) of the South Carolina Code of Laws expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See Hall v. County of Carolina Dep't. of Corr.*, C/A No. 2:09-3106-TLW-RSC, 2010 WL 610751 at *3 (D.S.C. Feb. 18, 2010); *McCall v. Batson*, 285

8

S.C. 243, 329 S.E. 2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

Attached to Plaintiff's Complaint are state court documents indicating that Plaintiff previously filed a lawsuit against Defendant, pursuant to the S.C. Tort Claims Act, in Dorchester County Common Pleas Court, *Chapman v. S.C. Dep't. of Corr.*, C/A No. 2010-CP-18-307, which was dismissed in September, 2011, when Defendant was granted summary judgment. Plaintiff's Complaint's attachments include Plaintiff's "Complaint for Negligence" and Defendant's "Motion to Dismiss or, in the alternative, Motion for Summary Judgment." *See* ECF No. 1-1, p. 3-12. However, Plaintiff does not include the actual order of dismissal which granted summary judgment to Defendant, only a copy of Defendant's attorney's cover letter to the Dorchester County Clerk of Court asking the Clerk to file the order. *See* ECF No. 1-1, p. 13. The Dorchester County First Judicial Circuit Public Index confirms that Plaintiff's state court case was filed on February 1, 2010 and dismissed on October 28, 2011, however, the order of dismissal is not available online. *See* http://www.dorchestercounty.net/index.aspx?page=224 (last visited Apr. 20, 2012).[4]

Plaintiff alleges that "the state court made [an] error when they dismiss[ed] the plaintiff['s] Complaint due to his failure to exhaust his administrative remedies. Here, this is a non-grievable issue[], pursuant to GA-01.12 Section 8.4.2." ¶¶ 6, ECF No. 1, p. 4.

---

[4] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Plaintiff further alleges that the "South Carolina Tort Claims [Act] does not require one to exhaust his administrative remedies before filing a Tort Claims Act. Further, the South Carolina Legislat[ure] did not ma[k]e a provision in [the] S.C. Code Ann. § 15-78-10 et seq. [requiring that] one exhaust his administrative remedies." ¶ 7, *Id.* The Plaintiff asserts that "this verified claim is filed pursuant to S.C. Code Ann. § 15-78-80 and [the] South Carolina Department of Corrections is a governmental entity within the meaning of the Tort Claim[s] Act." ¶ 8, *Id.*

To the extent that Plaintiff attempts to appeal a judgment of the Dorchester County Common Pleas Court, Plaintiff cannot do so in this federal district court. Appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state-court judgments.[5] Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this Court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions. Additionally in this case, under the *Rooker-Feldman* Doctrine, to the extent that Plaintiff claims he was injured by alleged erroneous proceedings and rulings made in the Dorchester County Common Pleas Court of the State of South Carolina, such rulings cannot be reviewed or set aside by the United States District Court for the District

---

[5] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. Since 1988, such review is discretionary by way of a writ of certiorari and is not an appeal of right. *See Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997).

of South Carolina. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. To rule in favor of Plaintiff on his claims in connection with the state court proceedings would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719-20 (4th Cir. 2006). Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

May 1, 2012  
Charleston, South Carolina

s/Bruce Howe Hendricks  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).